```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| BRIAN SHULMAN, JONATHAN GROPPER, GEORGE DIVEL, III,<br><br>        Plaintiffs,<br><br>  v.<br><br>BENJAMIN ROSENBERG, DIANA ROSENBERG, NORTH SHORE AT CANTON INC., JOHN DOES 1-X, ABC CORPORATIONS 1-X,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-3751 (JBS/AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

    Plaintiffs Brian Shulman, Jonathan Gropper, and George Divel, III filed this action against Defendants Benjamin and Diana Rosenberg and North Shore at Canton, Inc., over a dispute involving the marina rights and parking space rights associated with a condominium property located in Baltimore, Maryland. Defendants, who assert that they are Maryland citizens with no connection to New Jersey, moved to dismiss for lack of personal jurisdiction [Docket Item 3]. Plaintiffs filed no opposition. Having reviewed Plaintiffs' Complaint and Defendants' motion, the Court agrees that it lacks personal jurisdiction over Defendants. The Court finds as follows:

    1.   According to Plaintiff's Complaint [Docket Item 1], the individual named Plaintiffs and Defendants in this action

all maintain or own residences on a single block of Boston Street, located in Baltimore, Maryland. Plaintiff Brian Shulman maintains a residence at 2319-5 Boston Street, and Plaintiff George Divel, III maintains a residence at 2321-6 Boston Street. (Compl. ¶ 9.) Plaintiff Jonathan Gropper, a resident of New Jersey, utilizes and/or has domain and control over a property at 2319 Boston Street, #2. (Id.)

2. Plaintiffs assert in their Complaint that Defendants Benjamin and Diana Rosenberg also reside in Baltimore, at 2325-2 Boston Street. (Id. ¶ 10.) Defendant North Shore at Canton, Inc. ("North Shore") is identified as a homeowners' association located at the 2300 block of Boston Street Baltimore, Maryland. (Id. ¶ 11.)

3. The individually named Defendants above have moved to dismiss this action for lack of personal jurisdiction. Despite seeking and receiving an extension of time to file a response [see Docket Items 4, 5, & 6], Plaintiffs have filed no opposition to Defendants' motion. They assert in their Complaint only that jurisdiction over these Defendants is proper "because Defendants have and are purposefully, actively, and continuously conducting business in New Jersey through e commerce websites on the World Wide Web." (Id. ¶ 7.)

4. Under Rule 4(k)(1) of the Federal Rules of Civil Procedure, a federal district court has personal jurisdiction

2

over a non-resident defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." New Jersey's long-arm statute, in turn, extends personal jurisdiction to the boundaries of the Due Process Clause of the Fourteenth Amendment. See N.J. Ct. R. 4:4-4. For the exercise of jurisdiction to satisfy due process, there must be "minimum contacts" between a non-resident defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." J. McIntyre Machinery, Ltd. V. Nicastro, 131 S. Ct. 2780, 2787 (2011) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Generally, the court the suit must either arise out of or relate to the defendant's contacts with the forum state, which allows the court to assert specific jurisdiction over a defendant, or the defendant must have "continuous and systematic forum affiliations" to meet the standard for general jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8, 415 (1984); see also Daimler AG v. Bauman, 134 S. Ct. 746, 754 (2014) (discussing specific and general jurisdiction).

    5.    As Defendants do not appear to have any connection to New Jersey, no such "minimum contacts" are present in this case. Plaintiffs' own Complaint admits that all Defendants are located

or reside in, Baltimore, Maryland, and nothing in the record suggests that any of them were served in state. Defendants have also contended that they have no contacts with New Jersey, and these contentions have not been disputed. According to affidavits by Benjamin Rosenberg and his wife, Diana Rosenberg, which Defendants have attached to their motion to dismiss [Docket Items 3-3 and 3-4], the Rosenbergs have resided at 2325-2 Boston Street continuously for the past 10 years and have lived in Maryland their entire adult lives. Neither have lived in New Jersey or ever owned property in New Jersey. (Aff. of Benjamin Rosenberg [Docket Item 3-3] ¶¶ 2-3; Aff. of Diana Rosenberg [Docket Item 3-4] ¶¶ 2-3.) Nor do the Rosenbergs work in New Jersey. Benjamin Rosenberg works at a law firm based in Baltimore, and his practice is based almost entirely in Maryland. He has never been admitted to practice in New Jersey, and has not appeared for work of any kind in New Jersey in at least five years. (Aff. of Benjamin Rosenberg ¶ 4.) Diana Rosenberg is a jewelry consultant in Baltimore and does not conduct or transact any business in New Jersey. (Aff. of Diana Rosenberg ¶ 4.) Additionally, Benjamin Rosenberg is the president of the condominium association known as North Shore at Canton, Inc., which Plaintiffs have named as a Defendant. He asserts that the association was formed under Maryland law in 2003, is managed by a Maryland corporation, and has "no known

4

direct contacts with New Jersey and conducts no known business in New Jersey." (Aff. of Benjamin Rosenberg ¶ 5.) In short, Defendants have confirmed that they have no virtually no connection to New Jersey. It is abundantly clear to the Court that the high threshold for general jurisdiction has not been met.

  9. Nor does the Court find that it may exercise specific jurisdiction, because there is no indication that the case arises out of Defendant's activities in the state. The dispute is centered around a condominium complex located in Maryland. Specifically, Plaintiffs allege that Defendants fraudulently bought and sold the marina and parking space rights associated with the North Shore property without notice to any of the its residents, including Plaintiffs, and that as a result, the condos have decreased in value since residents may no longer use the marina to store their boats. (Compl. ¶¶ 16-19.) The alleged fraudulent conduct appears to have taken place entirely in Maryland.[1]

  9. The single allegation in Plaintiffs' Complaint, that Defendants conduct business in New Jersey through their e-commerce websites, does not alter the Court's conclusion that it has no jurisdiction over Defendants. It is well-settled that

---

[1] In fact, the only party with any connection to this state appears to be Plaintiff Jonathan Gropper, who owns a North Shore condo but is a New Jersey resident.

"the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003). In this case, North Shore's website is not even interactive, since Defendants have explained that "nothing is offered for sale or solicited, nor are transactions of any kind made through the website." (Aff. of Benjamin Rosenberg ¶ 7.) While New Jersey residents can access the website to learn about the condominium properties, that fact alone does not show that Defendants deliberately directed its merchandizing efforts towards the residents of this state. See Toys "R" Us, 318 F.3d at 454-55 (finding no "purposeful availment" in defendants' commercial websites where there was no indication that defendant knowingly conducted business with New Jersey residents, and defendant had no other contacts with New Jersey besides those generated by its website); Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 419 (9th Cir. 1997) (finding no "purposeful availment" where defendant only posted an "essentially passive home page on the web" and "did nothing to encourage people in Arizona to access its site."). The mere operation of a passive website is exactly the kind of "random" and "attenuated" contact that the Supreme Court has held insufficient to warrant the exercise of jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

6

9.  For the reasons above, the Court will grant Defendants' unopposed motion to dismiss this case for lack of personal jurisdiction.[2] An accompanying Order will be entered.

 March 28, 2016           s/ Jerome B. Simandle
Date          JEROME B. SIMANDLE
         Chief U.S. District Judge

---

[2] The only remaining defendants in this case are unnamed John Does (1-X) and unnamed corporations (1-X), ABC partnerships (1-X), and XYZ corporations (1-X). There is nothing before the Court or on the docket to suggest that Plaintiff has identified and named these individuals and entities, and it follows that there is no indication that they were ever served with the Complaint or Amended Complaint. The time for service under Fed. R. Civ. P. 4(m) expired on October 2, 2015, and Plaintiff has neither moved to extend time for service nor demonstrated good cause for her noncompliance. See McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998). The Court does not have the ability to direct service on these unnamed Defendants because Plaintiff has failed to specifically identify them. Accordingly, the Court will exercise its discretion and dismiss these defendants. See, e.g., Mote v. Murtin, No. 07-1571, 2008 WL 2761896, at *5-6 (M.D. Pa. July 11, 2008) (dismissing John Doe defendants because plaintiff has made no showing of good cause for failing to effectuate service within specific time limit).

7